IN RE KLEIN'S WILL.

[No. 25,325.   Filed April 1, 1930.]

*Charles Mendenhall,* for appellant.
*Walker & Hollett,* for appellees.

TRAVIS, C. J.—By a record·entry of the trial court, dated June 22, 1925, which was the 19th judicial day, it is disclosed that Mary A. Copeland, by attorney, appeared and produced and·offered for probate an instrument of writing purporting to be the joint last will and testament of decedent Margaret Klein and Michael J. Klein, deceased, which bore date of August 7, 1917. Otherwise, the record does not show that the action of the court was invoked.

This proponent of the instrument in writing for probate as a will introduced evidence to prove the will. Upon the evidence, the finding of the court was that the evidence was not sufficient to prove the execution of the instrument of writing, and thereon adjudged, on September 17, 1925, the 10th judicial day of the September term, 1925, that the probate of the instrument in writing purporting to be the last will and testament of Margaret

Klein, alias Maggie Klein, deceased, be denied, and costs against the proponent, Mary A. Copeland.

Proponent's motion for a new trial, for the causes (1) the court erred in not admitting to probate the last will and testament of Margaret Klein and Michael J. Klein, deceased; (2 and 3) the decision of the court is not sustained by sufficient evidence, and is contrary to law, was overruled.

Proponent gave bond and perfected a term-time appeal, and assigns as error the overruling of her motion for a new trial.

This action is *ex parte*, but proponent by her assignment of errors names herself proponent of the will, appellant, against Samuel J. Copeland, administrator of the estate of Margaret Klein, deceased, and Barbara Keller, administratrix of the estate of Michael J. Klein, deceased. It does not appear by the record that administrator Samuel J. Copeland's decedent was the same and identical person as the purported Margaret Klein, and the same condition of lack of identity is presented by the record concerning administratrix Barbara Keller's decedent Michael J. Klein.

Barbara Keller, as such administratrix, appears specially, and moves to dismiss the appeal for the reason that the statute does not provide for an appeal from a judgment which denies a purported will to be probated in an *ex parte* proceeding. Section 45 of ch. 11, 2 R. S. 1852 p. 308, §3490 Burns 1926, in the opinion of the court, sanctions this appeal, and it is so held.

This administratrix, for another reason to dismiss the appeal, alleges that she was not a party to the proceeding to probate the will, and the fact, if it be a fact, that she is the administratrix, is not sufficient in law to make her a party appellee on appeal. This court concurs in the point, but deems it insufficient

to move to order the dismissal of the appeal. Naming more parties than necessary as parties to the appeal will not of itself defeat the action of appeal; but the circumstance as thus shown by the record is sufficient to dismiss the appeal as to all who were not parties in the action *nisi prius*. It appears from the record that neither of the appellees was made a party to the action *nisi prius*, neither did either of them interplead, and it also appears from the record that neither of appellees was affected by the judgment. The appeal is dismissed as to each appellee, upon the court's own motion, based upon the record.

Proponent sought to prove the instrument in writing, which she produced in open court, to be the joint will of Margaret Klein and Michael J. Klein, by proof of signatures to the instrument to be genuine. The instrument in writing is not before us, because it was not admitted in evidence. Proponent offered no evidence that she was interested in any part of the estate specified in the will (§22, ch. 11, 2 R. S. 1852 p. 308, §3463 Burns 1926); nor evidence of the fact that the persons whose alleged joint will was offered for probate were inhabitants of Marion County, Indiana; nor that such persons left assets in the county of the jurisdiction of the court; nor that assets of such persons shall come into the county of the jurisdiction of the court thereafter. (§23, ch. 11, 2 R. S. 1852 p. 308, §3465 Burns 1926.) All the evidence is in the record, and it does not disclose that Margaret Klein and Michael J. Klein, whose signatures are subscribed to the "instrument of writing," are dead. In the transcript of the record of this proceeding, it appears that, on September 22, 1925, the 12th judicial day of the September term, 1925, comes now "Samuel J. Copeland, administrator of the estate of Margaret Klein deceased, and files his petition for instructions regarding the settlement of an

insurance policy on an automobile"; and that, on the same day, by another record entry, it appears, "Comes also Barbara Keller, administratrix of the estate of Michael Klein, deceased, and files her intervening petition," asking that the settlement of an insurance policy be made as asked in the petition of Samuel J. Copeland, administrator of the estate of Margaret Klein, deceased, but represents that the fund that may be secured through settlement belongs to the estate of administratrix' decedent. The court ordered that settlement be made as prayed, but that the fund be held in trust until further order of the court. These petitions are entitled: "In the Matter of the Estate of Margaret Klein, deceased." Appellant's *praecipe* for the transcript to the clerk of the probate court is entitled: "In the Matter of the Application to Probate the joint Last Will and Testament of Margaret Klein and Michael J. Klein, deceased," and requested the clerk "to make a complete transcript of the record of the proceedings in the above entitled cause, from and after June 22, 1925, and to include all papers and pleadings, filed and on file, all order-book entries of all orders and rulings of the court and exceptions and the final judgment in said entitled cause, and certify the same to be used on appeal to the Appellate Court of the State of Indiana." Said transcript to include the original bill of exceptions, after which is subscribed the name of proponents' attorney.

Neither the petition to compromise and settle an insurance claim nor the petition to intervene in the same matter as referred to is entitled in this proceeding, but they are entitled in another and different proceeding. Neither of these petitions nor the orders of the court thereon were asked to be incorporated in the transcript of the record in this *ex parte* proceeding. These petitions and the orders of the court relating to them have no place in the transcript before this court,

and are not a part of the record of this proceeding.

It may further be said that these petitions—to compromise a claim and to intervene thereunder—and the orders of the court relating thereto, if considered upon appeal, lend no support to an inference of fact that the estate of Margaret Klein, deceased, was pending either before this proceeding was instituted, to wit: June 22, 1925, or before the judgment was rendered, to wit: September 17, 1925, from which this appeal was taken. The date of the first entry which relates to "In the Matter of the Estate of Margaret Klein, deceased," which is the entry of the petition to compromise the insurance claim, was of the date September 22, 1925. There is nothing erroneous in the transcript of the record of this proceeding concerning "In the Matter of the Estate of Margaret Klein, deceased," to show when letters of administration were issued, if such letters were even issued by the court *nisi prius*, neither is there anything to show when and if letters of administration were ever issued upon the estate of Michael J. Klein, deceased. The courts did not know the identity of either Margaret Klein or Michael J. Klein, because the evidence is silent upon the matter. For aught the probate court knew, as shown by the record, these persons were alive. If it be admitted that an inference might be drawn from the evidence that Margaret Klein was dead, it is not sufficient to hold that the finding of the court is not sustained by sufficient evidence, for it will be presumed that the finding of the trial court is correct, in the absence of conclusive evidence that she is dead.

There is not sufficient evidence to establish the facts necessary to admit the instrument in writing produced as the will of the parties to probate. The finding of the

probate court is sustained by sufficient evidence, and it is not contrary to law.

Judgment affirmed.

Gemmill, J., concurs with an opinion.

Martin, J., concurs with an opinion.

## CONCURRING OPINION.

GEMMILL, J.—This is an appeal from a judgment denying the probate of an instrument of writing, bearing date of August 17, 1917, purporting to be the joint last will and testament of Margaret Klein, alias Maggie Klein and Michael J. Klein, both deceased. The proponent of the will was Mary A. Copeland, and she is the appellant herein.

On appeal, the administrator of the estate of Margaret Klein, deceased, and the administratrix of the estate of Michael J. Klein, deceased, were made appellees. The administratrix of the estate of Michael J. Klein, deceased, filed a motion to dismiss the appeal. The appellant filed an answer to this motion, stating that she had not been given proper notice of the motion to dismiss. It appears from the proof of service of notice that said appellee did not give notice of the motion to dismiss as required by Rule 15 of this court. Therefore, the motion to dismiss the appeal should be overruled. The appellees were not parties in the probate court, and are not proper parties here. This court on its own motion should dismiss the appeal as to the appellees.

This was an *ex parte* proceeding in which the court heard all the oral testimony offered by the proponent of the will. M. B. Voyles, a witness, called in behalf of the proponent of the will, testified that he lived in Indianapolis and was a watchman for L. S. Ayres and Co.; that he knew Margaret Klein and Michael Klein during their lifetime, came in contact with them frequently and

lived with them at one time.   In his opinion, they were mentally capable to attend to their business.   He was handed "Exhibit A," the alleged will, and asked to look at it and to look at the name M. B. Voyles signed as an attesting witness, and state whether or not that was his signature.   He said it was his signature and in his handwriting.   He was then asked this question:   "I will ask you to state whether you placed your signature as an attesting witness, on that 'Exhibit A' at the request of the testators Margaret Klein and Michael Klein, deceased." He answered:   "I cannot recall anything regarding that will, or the circumstances surrounding same, only that it is my signature and in my own hand write."   The next question was:   "Do you mean to tell the Court that you then have a lapse of memory, and cannot recall any of the circumstances, other than this is your signature and in your own hand write?"   The answer was: "Yes, sir, I do.   I cannot recall seven years back."

By other witnesses, it was shown that Benjamin Franklin, the other attesting witness, was dead, and that the signature of Benjamin Franklin was in his handwriting; that the signatures of Michael J. Klein and Margaret Klein were in their handwriting; that Margaret Klein was known as Maggie Klein, and that Michael J. Klein and Margaret Klein were mentally capable to transact their business and did transact same.

The court found that the evidence was not sufficient to prove the execution of said instrument of writing. After it was adjudged that the probate of the alleged will be denied, the proponent filed a motion for a new trial.   The first cause therein stated was not a statutory cause.   The other causes were that the decision of the court was contrary to law and the decision of the court was not sustained by sufficient evidence.   Overruling the motion for a new trial is assigned as error.

Sections 3452, 3469 and 3470 Burns 1926 are as fol-

low: §3452. "No will, except a noncupative will, shall affect any estate unless it be in writing, signed by the testator, or by some one in his presence with his consent, and attested and subscribed in his presence by two or more competent witnesses," etc. §3469. "Before a written will shall be admitted to probate . . . such will shall be proved by one or more of the subscribing witnesses, or, if they be dead, out of the state, or have become incompetent from any cause since attesting such will, then by proof of the hand-writing of the testator or of the subscribing witnesses thereto." §3470. "If none of the subscribing witnesses to a will be produced, their subsequent incompetency, death or absence from the state shall be proved, before evidence of the hand-writing of the testator or of any of the subscribing witnesses shall be received; and such evidence shall be taken in the same manner as on a trial at law."

Before a will can be probated, proof must be made of its due execution, and the burden of proving such fact rests upon those proposing the will for probate. 1 Henry, Indiana Probate Law (3d ed.) §487; Thompson, Wills §498. In Thompson, Wills §498, it is said: "A *prima facie* case is made when it is shown that all requirements of law have been observed in the execution of the will, and unless such *prima facie* case is made the court should refuse probate even where probate is not contested." A full attestation clause reciting compliance with all formalities of execution and signed by the witnesses is *prima facie* evidence of the validity of the will although the witness' memory is faulty. 40 Cyc 1304.

The execution of a will in this state may be proved by one competent attesting witness. It was said by the court of appeals of an adjoining state that it is the general rule that proof of a will by other than the testimony of subscribing witnesses is not permissible, where such witness exists and is known to reside within the juris-

diction of the court. By §§3469 and 3470 Burns 1926, herein quoted, it appears that it may have been the intention of the General Assembly that a will could be admitted to probate by proof of the handwriting of the testator or of the subscribing witnesses thereto only when the witnesses to the will were dead or out of the state, or when they had become incompetent. However, it has been held in several jurisdictions that where the testimony of the subscribing witnesses is insufficient to prove the formal execution of the will, other evidence is admissible to supply the deficiency. 40 Cyc 1303, 1304; Thompson, Wills §498. In 28 R. C. L. 372, it is said: "It is a fundamental rule that the proof of the execution of a will does not depend upon the memory of the subscribing witnesses. . . . Where the witnesses to a will when called as witnesses cannot remember the facts respecting the execution of the will, it may nevertheless be supported by other evidence, including the testimony of those who were not subscribing witnesses." This rule was adopted by the probate court in this proceeding, as the proponent offered additional oral testimony which was received by the court when the attesting witness failed to prove the execution of the alleged will.

Failure to recollect the performance of certain formalities seven years before does not necessarily mean that such formalities have been performed and forgotten. In the instant case, it does not appear that there was a full certificate of attestation to the alleged will, by which its execution could have been shown. It cannot be held herein where an attesting witness to an alleged will was used as a witness to probate same and failed to make any proof as to its execution, that the execution could then be proved by proof only of the signatures of the testators and the subscribing witnesses, one of whom was dead. There was no other evidence as to its execution. The

finding of the court herein that the evidence was not sufficient to prove the execution of the instrument in writing was not erroneous. And it is not shown by the appellant that the finding of the court was contrary to law. The court did not err in overruling the motion for a new trial.

The judgment is affirmed.

### CONCURRING OPINION.

MARTIN, J.—I concur in the result reached, but not on the grounds stated in the prevailing opinion.

The petition to probate the will of Margaret Klein was filed in the estate of Margaret Klein, deceased, which was pending in the Marion Probate Court, and likewise the petition to probate the will of Michael J. Klein was filed in the estate of Michael J. Klein, deceased, also pending in such court. Proof of the death of each of said decedents was necessary before letters of administration were issued and said estates opened, and I believe it was unnecessary to again make proof of death, or to again formally prove that Michael and Margaret Klein left assets in Marion County and that the proponent as beneficiary under the will was interested in the estate specified therein.

An interesting and important question of law was properly presented here: Whether under our statute due execution of a will is proved by proof of the signatures of the testator and the attesting witnesses, where one attesting witness to the will is dead and another is produced but has a lapse of memory and fails to remember anything concerning its execution, although he identifies his signature, and where there is neither a full certificate of attestation to the will by which its execution could have been shown, nor any other evidence of its due execution. This question, which I think has been

correctly answered in the concurring opinion of Gemmill, J., should be decided by the court and obviate the necessity of a subsequent appeal and further delay in the settlement of these estates.